**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**David Wayne HARRY,
Defendant–Appellant.**

**No. 88–1743
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 18, 1989.

Brenda Grantland, Washington, D.C., court appointed, for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty. and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant David Wayne Harry pleaded guilty to one count of transporting a firearm with an obliterated serial number, 18

U.S.C. § 922(k), and was sentenced to a term of four months imprisonment. The sentence was suspended, however, and Harry was placed on probation for a period of five years. Harry appeals.

Harry does not contest his underlying conviction, but challenges the manner in which the sentencing guidelines were applied. He maintains that, even though the sentencing judge indicated that he would sentence within the guideline range, the five year probationary period imposed exceeds the applicable guideline range.

■ Sentencing Guideline 5B1.2 provides: "When probation is imposed, the term shall be: (1) at least one year but not more than five years if the offense level is six or greater; (2) no more than three years in any other case." The guideline, however, does not indicate whether the offense level referred to is the base offense level or the total offense level as calculated under the guidelines. In a well-reasoned argument, Harry contends that "offense level" in Guideline 5B1.2 refers to the total offense level as calculated under the Sentencing Guidelines. In support of this interpretation, Harry cites Guideline 1B1.1, which provides step-by-step instructions for determining the appropriate guideline range. Guideline 1B1.1 instructs that once the appropriate base offense level has been determined the offense level is then adjusted in accordance with the guidelines to achieve the total offense level. The total offense level and criminal history category are then used to determine the guideline range and options related to probation, imprisonment, supervision conditions, fines and restitution. Guideline 1B1.1(g), (h).

■ In this case, Harry's base offense level was six, however he received a two point reduction under 3E1.1(a) for recognition and affirmative acceptance of responsibility for his criminal conduct. Therefore, Harry's total offense level was four. Harry maintains that because his total offense level was four the maximum probationary term which could be imposed under the guideline is three years. Accordingly, he concludes that the district court departed from the guidelines in sentencing him to five years probation, even though the judge stated at sentencing that he saw no reason to sentence outside the guidelines.

The government concedes on brief that Harry's sentence of five years probation exceeds the maximum probationary term permitted under Guideline 5B1.2 and suggests that we vacate Harry's sentence and remand the case to the district court for either the imposition of a term of probation of three years or less or for the entry of findings justifying an upward departure from the Sentencing Guidelines in accordance with 18 U.S.C. § 3553. Agreeing, we do so.

VACATED and REMANDED.